UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| GAYLE M. WASHINGTON, § | |
| § | |
| *Plaintiff,* § | |
| § | |
| v. § | Civil Action No.  SA-11-CV-0763-XR |
| § | |
| JP MORGAN CHASE, ITS § | |
| SUCCESSORS, ASSIGNS, AND § | |
| PREDECESSORS IN INTEREST, § | |
| § | |
| *Defendant.* | |

**ORDER**

On this date, the Court considered Defendant's Motion to Dismiss or, Alternatively, Motion for More Definite Statement.  (Docket No. 3).  For the reasons stated below, the Court converts Defendant's motion to dismiss to a motion for summary judgment, and orders the parties to come forward with evidence in support of or in opposition to summary judgment within fifteen days of the issuance of this order.

On September 6, 2011, Plaintiff filed her Original Verified Petition and Application for Temporary Injunction in the 224th Judicial District Court for Bexar County, Texas.  In her petition, Plaintiff asserts that Defendant lacks the authority to foreclose on her property commonly known as 15218 Pebble Forrest, San Antonio, Texas. *See* Plaintiff's Original Petition, ¶ 11 (Docket No. 1, Exh. 1)  Specifically, Plaintiff claims that (1) Defendant is not a successor in interest to the beneficiary under the original Note and Deed of Trust and (2) that Defendant is not the mortgage servicer of the Note or the Deed of Trust.. *Id.* at ¶¶ 6-11.

Defendant removed the case to this Court on September 15, 2011. (Docket No. 1). Defendant filed a Motion to Dismiss on September 21, 2011. (Docket No. 3).  Plaintiff did not file a response.

In its Motion to Dismiss, Defendant argues that Plaintiff's complaint fails to state a claim because under Texas law "a mortgage servicer may administer the foreclosure of property under Section 51.002 [of the Texas Property Code] on behalf of a mortgagee if: '(1) there is a mortgage servicing agreement and (2) the notice of sale required under Section 51.002(b) discloses that the mortgage servicer represents the mortgagee under a servicing agreement and contains the name of the mortgagee and address of the mortgagee or mortgage servicer.'" Def's Motion to Dismiss, at 5 (Docket No. 3) (quoting TEX. PROP. CODE ANN. § 51.0025). Defendant argues that the only requirement imposed on the mortgage servicer by Texas law is one of disclosure, and that Defendant has met that requirement.

Defendant's argument, however, assumes that Defendant is the mortgage servicer. That may be true, but that is not what Plaintiff alleges in her complaint. Rather, Plaintiff claims that Defendant lacks authority to foreclose on her property because Defendant is neither the mortgagee nor the mortgage servicer of her mortgage loan. This is not an issue of law, but a question of fact. Accordingly, the Court converts Defendant's motion to dismiss to a motion for summary judgment. *See Guiles v. Tarrant County Bail Bond Bd.*, 2012 U.S. App. LEXIS 284, at *3-5 (5th Cir. 2012). It is ORDERED that the parties shall submit all evidence in support of or in opposition to summary judgment within fifteen days of the issuance of this order, including any relevant mortgage servicing agreements.

SIGNED this 1st day of March, 2012.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE